#### LEMAR ET AL. V. STEPHENS ET AL.

SECTION 3260, REV. STAT.—DEFECT OF PARTIES.

In an action to enforce stockholders' statutory liability, under Sec. 3260, Rev Stat., it is error for the court to proceed to judgment until all of the stockholders within the jurisdiction of the court have been made parties.

The stockholders in this case were quite numerous, some residing in and some out of the state. The case proceeded to trial before a master, over the objection of the creditors, and a large amount of testimony was taken, fixing the liability of the stockholders, and assessing the several stockholders their *pro rata* share of the debts of the corporation. Several months were occupied in taking the testimony before the master, and his report was confirmed and judgment entered thereon. The cir-

cuit court held, however, that it was error for the common pleas court to proceed until all of the stockholders, at least those within the jurisdiction of the court, were brought in.

BY THE COURT (Journal entry):

"This day this cause came on for hearing upon the several petitions in error, transcript, bill of exceptions and original pleading and papers from the court of common pleas of Clinton county, Ohio, and was argued by counsel, and submitted to the court; on consideration whereof the court find that there is error therein apparent upon the face of the record to the prejudice of the several plaintiffs in error, in this, to-wit:

"That the referee appointed by said court, and said court erred in proceeding to hear and determine said cause without all the owners and holders of the capital stock of said defendant railroad company within the jurisdiction of said common pleas court, being before said court and parties to said cause, as required by Sec. 3260, Rev. Stat., of this state, against the motion of said plaintiffs in error, to have them made parties to such action and served with process therein, and against the protest of said plaintiffs in error to further proceed until this was done, when it appeared that such stockholders were within the jurisdiction of the court and could be so served.

"After finding such defect of parties defendant, none of the other errors assigned in the several petitions in error herein are considered by the court, and the reversing and remanding of said cause to said court of common pleas for further proceedings, as hereinafter ordered, is without prejudice to the right of the parties plaintiff and defendant, to relitigate the various questions involved in the other assignment of errors in said several petitions in error.

"It is, therefore, ordered, adjudged and decreed that each and all of the findings, judgments and decrees of said referee and said court of common pleas against each and all of the several plaintiffs in error herein and all the findings, judgments and decrees of said referee and said court, relieving from liability the several defendants in error to the cross-petition in error herein filed by John H. Gard, and in favor of the creditors of said defendant railroad corporation, so far as the same may effect said several plaintiffs in error, be and the same are hereby reversed, vacated, set aside, and held for naught, and that the plaintiffs in error recover from the defendants in error their costs herein expended, taxed at $———.

"It is further ordered that a special mandate issue from this court to the court of common pleas to carry said judgment of reversal and for costs into execution, and for further proceedings in said court.

"To which finding, judgment and decree of said circuit court, in reversing said judgment and decree of said referee and said common pleas court as to said plaintiffs in error, and in remanding said cause, said defendants in error except."